UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ERIC L. MARTIN,

        Plaintiff,

v.                                Case No. 3:20-cv-435-J-39MCR

FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.
_____

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff, an inmate of the Florida penal system, initiated this case by filing a pro se Civil Rights Complaint (Doc. 1; Compl.). He also filed a request to proceed as a pauper (Doc. 4). As Defendants, Plaintiff names the Department of Corrections (DOC), an individual identified as the "Captain of Security" at Florida State Prison, and two individuals whose names are "unknown." See Compl. at 2-3.

Plaintiff's handwriting is difficult to read, and his allegations are somewhat incoherent. As best can be discerned, Plaintiff alleges that two close management inmates killed another inmate in the dayroom on July 6, 2019. Id. at 4. Apparently, officers sprayed chemical agents in the dayroom to quell the disturbance. Id. Plaintiff asserts his medical records indicate he cannot be exposed to chemical agents, and between 8:30 and 9:45,

he and other inmates were denied the opportunity to shower or receive medical attention. Id. at 4-5. While unclear, it appears Plaintiff has a seizure condition, or he had a seizure that day as a result of the chemical agents. Id. at 5. He also alleges he and other inmates had to walk through blood left by an inmate with Hepatitis C. Id.

Plaintiff does not identify the constitutional basis for his claims, id. at 3, though he contends the incident occurred because officers did not adhere to "close management rules," which prohibit close management inmates from being in the dayroom with general-population inmates, id. at 4, 7. As "injuries," Plaintiff alleges he passed out and may have had a seizure, and he says that seeing an inmate be killed "mess[ed] [his] mind up." He seeks $80,000 and appointment of an attorney. Id. at 5.

This is not the first time Plaintiff has attempted to seek relief for this incident. Plaintiff previously filed a similar complaint against the DOC, which the Court dismissed for Plaintiff's failure to state a claim. See Case No. 3:20-cv-69-J-20PDB, Doc. 5 (noting the DOC is not a "person" subject to liability under 42 U.S.C. § 1983, and Plaintiff did not attribute alleged unconstitutional conduct to the named Defendant).

For the same reasons as before, Plaintiff's current complaint is subject to dismissal under the Prison Litigation Reform Act (PLRA), which requires a district court to dismiss a complaint if

the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). As the Court previously informed Plaintiff, the DOC is not a "person" subject to suit under § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989). Additionally, Plaintiff provides no facts describing how any named Defendant violated his constitutional rights.

Plaintiff's attempt to save his claim by adding to his current complaint three "unnamed" Defendants fails. The Eleventh Circuit has consistently held that "fictitious-party pleading is not permitted in federal court," unless a plaintiff describes a John Doe defendant with such particularity that he or she can be identified and served. See Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (affirming dismissal of a John Doe defendant where the plaintiff failed to identify or describe the individual "guard" allegedly involved); Williams v. DeKalb Cty. Jail, 638 F. App'x 976, 976-77 (11th Cir. 2016) ("A fictitious name . . . is insufficient to sustain a cause of action.").

Plaintiff identifies three unnamed Defendants. For two of them, Plaintiff simply writes, "unknown name." Compl. at 3. He does not provide any identifying information, such as a job title or physical description. As such, these two Defendants are subject to dismissal. While Plaintiff references the third unnamed Defendant by a title—the Chief of Security—he does not attribute

3

any factual allegations permitting the reasonable inference that this Defendant committed a constitutional violation. Id. at 2, 4-5. To the extent Plaintiff is attempting to hold the Chief of Security liable based on a theory of respondeat superior, the Eleventh Circuit has rejected this theory of liability in § 1983 cases. See Keith v. DeKalb Cty., Ga., 749 F.3d 1034, 1047 (11th Cir. 2014) (citing Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003)).

To the extent Plaintiff seeks to hold the Chief of Security liable under the Eighth Amendment for an alleged breach of DOC regulations or internal security protocol, such conduct amounts to negligence, which is not actionable under § 1983. The Eleventh Circuit has recognized, "[a]ccidents, mistakes, negligence, and medical malpractice are not constitutional violation[s] merely because the victim is a prisoner." Harris v. Coweta Cty., 21 F.3d 388, 393 (11th Cir. 1994) (internal quotation marks omitted; alteration in original) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). See also Farmer v. Brennan, 511 U.S. 825, 838 (1994) ("[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.").

4

Accordingly, it is now

**ORDERED**:

1. This case is **DISMISSED without prejudice** under 28 U.S.C. § 1915(e)(2)(B) subject to Plaintiff's right to initiate a new case to pursue a cognizable claim against identifiable individuals who are amenable to suit.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. The **Clerk** shall send Plaintiff a civil rights complaint form. If Plaintiff chooses to file a new case, he may do so on the enclosed form. Plaintiff should not put this case number on the form, as the Clerk will assign a new case number upon receipt.

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of May 2020.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6

c:   Eric L. Martin